IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. MATULKA, | ) | 8:12CV237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| M&T BANK, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, Inc., WELLS FARGO | ) | |
| BANK, N.A., HSBC BANK USA, | ) | |
| N.A., as Trustee for WFALT | ) | |
| 2007-PA3, GARRY MCCUBBIN, | ) | |
| KOZENY & MCCUBBIN, L.C., and | ) | |
| DOES 1-10, (inclusive), | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions to Dismiss and Motion to Strike. (Filing Nos. 28, 31, 32, and 33.) Plaintiff Michael Matulka has not responded to Defendants' Motions, and the time in which to do so has now passed. As discussed in detail below, the court will grant Defendants' Motions to Dismiss.

## I.  BACKGROUND

Plaintiff filed his Complaint in this matter on July 6, 2012, against M&T Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), Wells Fargo Bank ("Wells Fargo"), HSBC Bank USA ("HSBC"), Gary McCubbin ("McCubbin"), Kozeny & McCubbin, L.C. ("Kozeny & McCubbin"), and Does 1-10." (Filing No. 1 at CM/ECF pp. 1-2.)  Liberally construed, Plaintiff alleges Defendants committed fraud in foreclosing upon property located at "545[0] Ervin [Street]" in Lincoln, Nebraska

("the Property"), and violated the Truth in Lending Act ("TILA").[1]  (*Id*. at CM/ECF pp. 3, 7-9.)  Plaintiff asks the court to set aside, or void, the sale of the Property and to quiet title in favor of Plaintiff.  (*Id*. at CM/ECF pp. 10-12.)

The relevant factual background is set forth in the paragraphs below.  This factual background is taken from the allegations set forth in Plaintiff's Complaint, and evidence submitted by the parties that is a matter of public record.  *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts "may take judicial notice of judicial opinions and public records").  *See also Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) ("[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.").

### A.    Facts

1.    The Property at issue in this action is real property located at 5450 Ervin Street in Lincoln, Nebraska.  (Filing No. 1 at CM/ECF p. 3; Filing No. 30-2 at CM/ECF p. 3.)

---

[1]Plaintiff's Complaint contains allegations related to both "5454 Ervin" and "5450 Ervin."  (*See, e.g.,* Filing No. 1 at CM/ECF pp. 3, 29.)  Because the Deed of Trust lists "5450 Ervin" the court will use that address.  (*See* Filing No. 30-2.)

2.      Bonnie Matulka purchased the Property on April 9, 2007, with a loan from M&T Bank.  A deed of trust ("the Deed of Trust")[2] granted a security interest in the Property to M&T Bank, with MERS as the beneficiary.[3]  (Filing No. 1 at CM/ECF pp. 2-3.)

3.      Plaintiff became the executor of Bonnie Matulka's estate on October 21, 2007.  (*Id.* at CM/ECF p. 3.)

4.      In 2007 and 2008, Plaintiff received notice from Wells Fargo indicating a transfer of interest in the loan from M&T Bank to Wells Fargo.  (*Id.*)

5.      On April 19, 2008, McCubbin was appointed successor trustee under the trust deed executed by Bonnie Matulka.  A Substitution of Trustee was recorded on April 24, 2008, with the Lancaster County Register of Deeds as Instrument No. 2008018843.  (*Id.*; Filing No. 30-3.)

---

[2]The Property is described in the Deed of Trust as:

UNITS A, B, C, AND D, BUILDING 9, WOODLANDS CONDOMINIUM PROPERTY REGIME, A CONDOMINIUM ORGANIZED UNDER THE LAWS OF THE STATE OF NEBRASKA, LANCASTER COUNTY, NEBRASKA, PURSUANT TO MASTER DEED AND DECLARATION RECORDED AUGUST 15, 1983 AS INST. NO. 83-16260 IN THE OFFICE OF THE REGISTER OF DEEDS OF LANCASTER COUNTY, NEBRASKA.

(Filing No. 30-2 at CM/ECF p. 3.)

[3]Plaintiff's Complaint uses two addresses for the Property: "5454 Ervin" and "5450 Ervin."  (Filing No. 1 at CM/ECF pp. 3, 29.)  However, the Deed of Trust specifies "5450 Ervin" as the Property's address.  (*See* Filing No. 30-2.)

3

6.     On April 24 and May 19, 2008, McCubbin, acting as successor trustee, caused notices of default to be recorded against the Property. (Filing Nos. 30-4 and 30-6.)

7.     Plaintiff, acting as the personal representative of Bonnie Matulka's estate, conveyed the Property to himself on June 22, 2009. (Filing No. 1 at CM/ECF p. 6; Filing No. 30-7.)

8.     On June 22, 2010, Plaintiff conveyed the Property by warranty deed to Benton Street Ministries North Central ("Benton Street Ministries"). (Filing No. 30-8.)

9.     That same day, the Property sold at a trustee's sale and a Trustee's Deed was recorded with the Lancaster County Register of Deeds. (Filing No. 1 at CM/ECF p. 6; Filing No. 30-9.)

10.     On February 14, 2011, Plaintiff filed a complaint in the District Court of Lancaster County, Nebraska, case CI 11-552, against HSBC. (Filing No. 30-10.) Plaintiff alleged wrongful foreclosure of the Property, and he sought to quiet title in the Property. (*Id.*)

11.     On May 20, 2011, the District Court of Lancaster County, Nebraska, concluded Plaintiff's complaint in case CI 11-552 failed to state a claim upon which relief could be granted, but gave him leave to amend. (Filing No. 30-12.)

12.     On June 13, 2011, Plaintiff filed an amended complaint in case CI 11-552 adding M&T Bank, MERS, and Wells Fargo as defendants. (Filing No. 30-13.)

13.     The District Court of Lancaster County, Nebraska, dismissed the amended complaint in case CI 11-552, with prejudice, on September 12, 2011. (Filing No. 30-14.) In doing so, the court determined that Plaintiff transferred his interest in

4

the Property to Benton Street Ministries and he did not have standing to bring the case because he no longer retained any interest in the property. (*Id.*)

14.     On February 16, 2012, Eric Madej, acting as trustee for Benton Street Ministries, filed a complaint against HSBC, Wells Fargo, and MERS in the District Court of Lancaster County, Nebraska, case CI 12-579. (Filing No. 30-15.) In the complaint, Madej alleged wrongful foreclosure of the Property, and he sought to quiet title in the Property. (*Id.*)

15.     On June 26, 2012, the District Court of Lancaster County, Nebraska, issued an Order dismissing case CI 12-579 with prejudice. (Filing No. 30-16.) The Court held that the complaint in case CI 12-579 failed "under the standard of Neb. Ct. R. Pldg. § 6-1112(b)(6)" and that Madej had "failed to indicate any manner in which he could amend the pleading to sufficiently state a claim." (*Id.* at CM/ECF p. 3.)

## II.  MOTIONS TO DISMISS

Defendants argue, among other things, that Plaintiff (1) lacks standing, (2) is precluded from litigating his claims, (3) is time barred from raising a claim under TILA, and (4) failed to identify any legal basis for setting aside the foreclosure. (*See* Filing Nos. 29, 32 and 34.) The court agrees.

### A.     Standing

Standing is a core component of the Article III case and controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy Article III's standing requirements, Plaintiff must show that:

(1) [he] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of

5

the defendant[s]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005) (internal quotation marks omitted).

MERS, Wells Fargo, HSBC, McCubbin, and Kozeny & McCubbin, argue Plaintiff lacks standing to bring the claims alleged in his Complaint.[4] (Filing No. 29 at CM/ECF p. 7; Filing No. 34 at CM/ECF pp. 3-4.) Specifically, they argue Plaintiff does not have standing to challenge the foreclosure sale because he conveyed the Property to Benton Street Ministries prior to its sale. (*Id.*)

As set forth above, Plaintiff conveyed the Property to Benton Street Ministries on June 22, 2010, and the Property sold at a trustee's sale that same day. (Filing Nos. 30-8 and 30-9.) Thus, at the time of the trustee's sale, Plaintiff was not the title holder of the Property. Plaintiff has not identified any injury he suffered that could be corrected by reversing the foreclosure sale or by setting aside the trustee's deed upon sale. Because Plaintiff has not shown that *his* legally protected interests were violated, he has failed to establish any "injury in fact" and he lacks standing to assert his claims.

---

[4]M&T Bank does not join the other Defendants in making this argument. To the extent that Plaintiff also asserts claims against M&T Bank regarding the foreclosure sale, the court's analysis in Part II.A applies to those claims.

6

### B.      Issue Preclusion and Claim Preclusion

Even if Plaintiff was somehow able to amend his Complaint to establish standing, MERS, Wells Fargo, HSBC, McCubbin, and Kozeny & McCubbin, also argue issue preclusion prevents Plaintiff from bringing his claims.[5]  (Filing No. 29 at CM/ECF pp. 8-9; Filing No. 34 at CM/ECF pp. 3-4.)  "The doctrine of collateral estoppel, also known as issue preclusion, provides that 'when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in another lawsuit.'" *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (quoting *United States v. Brekke*, 97 F.3d 1043, 1049 (8th Cir. 1996)).

Non-parties to an original judgment may raise collateral estoppel offensively against losing parties.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979).  In addition, a non-party to an earlier litigation may be precluded from re-litigating certain claims or issues in subsequent litigation when that individual is in privity with the losing party from the earlier action.  *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996).  Privity for purposes of preclusion is "based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (internal brackets and quotation marks omitted).  One such "substantive legal relationship" that satisfies the privity requirement is between "preceding and succeeding owners of property." *Id.*

The scope of the preclusive effect of a state court judgment is governed by the laws of that state.  *W.F.M., Inc. v. Cherry Cnty., Neb.*, 279 F.3d 640, 643 (8th Cir. 2002).  Four elements must be satisfied before an issue is precluded under Nebraska law:

---

[5]Again, M&T Bank does not join the other Defendants in making this argument. To the extent that Plaintiff also asserts claims against M&T Bank regarding the foreclosure sale, the court's analysis Part II.B applies to those claims.

the issue concluded must be identical, it must have been raised and litigated in the prior action, it must have been material and relevant to the disposition of the prior action, and the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.*

Here, Plaintiff previously asserted his wrongful foreclosure claims and quiet title request before the District Court of Lancaster County, Nebraska, in case CI 11-552. (*Compare* Filing No. 1 (fraud in foreclosure claim and quiet title request) *with* Filing No. 30-13 (wrongful foreclosure and quiet title request).) In dismissing case CI 11-552, with prejudice, the District Court of Lancaster County, Nebraska, determined Plaintiff did not have standing to bring his claims because he no longer possessed an interest in the Property. (Filing No. 30-14.) Plaintiff may not relitigate whether he has standing to bring his wrongful foreclosure allegations and quiet title request in this court.

Further, because Plaintiff and Madej, acting as trustee for Benton Street Ministries, are "preceding and succeeding owners of property," Plaintiff is precluded from relitigating claims raised by Madej in case CI 12-579. *See Taylor*, 553 U.S. at 894. In case CI 12-579, the District Court of Lancaster County, Nebraska, dismissed, with prejudice, Madej's allegations of fabricated foreclosure transactions and his quiet title request regarding the Property. (*See* Filing No. 30-15; Filing No. 30-16.) Because these issues were previously litigated in an action to which Plaintiff was in privity, Plaintiff is precluded from relitigating them here.

To the extent that Plaintiff raises additional claims in his Complaint that relate to the foreclosure of the Property—claims that were not actually decided by the state district court—the doctrine of claim preclusion bars relitigation of issues that *could have been* litigated. *See Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) ("[R]es judicata or claim preclusion bars the relitigation of issues which were actually litigated

8

or which could have been litigated in the first suit.").  Thus, because Plaintiff and Madej, acting as trustee for Benton Street Ministries, had the opportunity to challenge the foreclosure in the state court actions, and took advantage of that opportunity, Plaintiff cannot now relitigate his claims relating to the foreclosure of the Property in this court.

### C.    TILA Claim

Plaintiff also asserts a TILA claim in his Complaint.  (Filing No. 1 at CM/ECF p. 9.)  As part of this claim, Plaintiff alleges that Bonnie Matulka was never provided with "proper (3-Day) Notice of Right to Cancel or Right of Recision."  (*Id.* at CM/ECF p. 9.)  Given that Bonnie Matulka purchased the Property with a loan from M&T Bank, the court liberally construes this allegation as being directed toward M&T Bank.  (*Id.* at CM/ECF p. 3; Filing No. 30-2.)  M&T Bank argues that Plaintiff's TILA claim is time-barred.  (Filing No. 32-1 at CM/ECF p. 5.)

The court reiterates its analysis above that Plaintiff does not have standing to allege a violation of TILA on behalf of the original borrower, Bonnie Matulka.  In addition, the court finds that, even if Plaintiff had standing, the claim is time-barred. The right to rescind a loan under TILA for failure to provide required disclosures expires "three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).  Consummation takes place when the loan documents are executed.  *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003).  Thus, even assuming that Bonnie Matulka did not receive the required disclosures under TILA, a claim for recission would be time-barred because the loan documents were signed on April 9, 2007, and this action was not filed until July 6, 2012.  (Filing No. 1 at CM/ECF pp. 2-3; Filing No. 30-2.)

## III.  MOTION TO STRIKE

Defendants McCubbin and Kozeny & McCubbin filed a Joint Motion to Strike a "Forensic Lender Discovery Stage One -Trust Identified Loan Securitization Audit Report" prepared for Plaintiff by Forensic Professionals Group USA, Inc.  (Filing No. 31 at CM/ECF p. 1; Filing No. 1 at CM/ECF pp. 22-64.)  This "report" is attached to Plaintiff's Complaint and sets forth, among other things, that there was a "fabricated foreclosure transaction."[6]  (*See*, *e.g.*, Filing No. 1 at CM/ECF p. 25.)  Defendants McCubbin and Kozeny & McCubbin argue that this "report" presents impertinent and scandalous accusations, and it is immaterial to Plaintiff's claims.  (Filing No. 31.)

The court will deny the Motion to Strike as moot in light of its decision to dismiss this matter.  In the alternative, the Motion is denied because, while the

---

[6]Another court presented with a similar "forensic mortgage analysis" noted the following:

> The second document is a "Certified Forensic Loan Audit" prepared by someone named D. Alex-Saunders.  Mr./Ms. Alex-Saunders, for whom no contact information is provided, claims, variously, to be a "Senior Auditor: Home and Asset Ombudsman Program, International Environmental Association, 501(c)3," "Senior ombudsman," "Certified forensic auditor by National Association of Mortgage Underwriters," "Associate of Global Association of Risk Professionals," and the author of "Stop! Illegal Predatory Lending."  The Court is unfamiliar with these organizations (if they exist), but it is quite confident that there is no such thing as a "Certified Forensic Loan Audit" or a "certified forensic auditor."  In any event, the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims.

*In re Norwood*, No. 10–84443–PWB, 2010 WL 4642447, at *2 n.2 (Bankr. N.D. Ga. Oct. 25, 2010) (observing that the Federal Trade Commission has issued a "Consumer Alert" regarding "Forensic Mortgage Loan Audit Scams").

"report" borders on impertinence, it has no legal significance and striking it would have no legal effect. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed with prejudice.

2.     Defendants' Motions to Dismiss (filing nos. 28, 32, and 33) are granted to the extent they are consistent with this Memorandum and Order.

3.     Defendants McCubbin and Kozeny & McCubbin's Motion to Strike (filing no. 31) is denied.

4.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 21st day of March, 2013.

                                        BY THE COURT:

                                        *Richard G. Kopf*
                                        Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.